OPINION OF THE COURT
C. Raymond Radican, J.
This is an application for a compulsory accounting. The decedent, Alwine White, was survived by two sons, Craig and David. Her will which was duly admitted to probate in this court on August 5, 1980 created a trust of her entire residuary estate for the benefit of her two sons. The trust was to terminate on the date that both children had attained the age of 25. The file indicates that at the time of Alwine’s death, both of her sons were over the age of 25.
Prior to the settlement of the account of the executrix of the estate, Craig White died. He is survived by one child, Holly Vita White, who is the sole beneficiary of Craig’s estate and would therefore be entitled to any funds which pass from Alwine’s estate to Craig’s estate. She is represented in this proceeding by her guardian, who seeks an accounting. She alleges that funds from Alwine’s estate have been wrongfully withheld from Holly. The executrix of Alwine’s estate concedes that $12,795 was placed in an account in the name of David White as custodian for Holly and that these funds were not turned over to Holly’s guardian.
The executrix of Alwine’s estate contends that any application for the turnover of funds to Holly from Alwine’s *437 estate should be made in St. Lawrence County where the administrator of Craig’s estate was appointed.
This situation poses a conflict which is similar to the conflict outlined in SCPA 2210 where an executor accounts to himself as trustee.
David White is a beneficiary of A1 wine’s estate and the administrator of the only other beneficiary. In an accounting proceeding there would be no one to object to an overpayment to David White except David White himself as administrator of his brother’s estate. This presents an irreconcilable conflict.
Accordingly, the court finds that Holly’s guardian has standing to bring a petition for a compulsory accounting. The executrix is directed to file an accounting within 60 days of the date of this decision.